Heffernan, J.
On October 1,1937 Theodore Bock "sustained accidental injuries arising out of and in the course of his employment as a result of which he died a da; later. He was survived by his widow and a minor child.
On December 24, 1937, the State Industrial Board made an award of death benefits to the wife and daughter. The employer immediately commenced payments in accordance with the decision and continued that practice until November 4, 1939. In May, 1939, the widow and child visited Germany. They were citizens of the United States but because of the war they were unable to return to this country.
On June 29, 1943, the State Industrial Board directed the employer to pay the value of the unpaid award which was computed at the sum of $9,038.70 to the State Comptroller to be deposited in the Non-Resident Compensation Fund pursuant to the provisions of section 25-b of the Workmen’s Compensation Law.
The employer appealed to this court from that decision and on March 12, 1946, we affirmed the determination (270 App. Div. 868).
On March 20, 1946, the employer paid the computed award as directed by the decision. Because of the delay in payment the Workmen’s Compensation Board on May 29, 1946, directed the employer to pay interest on the fund from June 29, 1943 to March 20, 1946, amounting to the sum of $1,477.51. From that decision the employer has appealed and the only question presented on this record is whether or not the direction to pay interest was proper.
The Non-Resident Compensation Fund was created for the purpose of securing the payment of compensation or death benefits to nonresidents, both citizens and aliens of the United States who resided in foreign countries in cases where the payments, could not be made because of war conditions.
Section 24 of the Workmen’s Compensation Law provides in part as follows: “ In case an award is affirmed upon an appeal *390 to the appellate division, the same shall be payable with interest thereon from the date when said award was made by the board except as provided in section twenty-seven of this chapter.”
The employer urges that section 25-b of the Workmen’s Compensation Law contains no provisions requiring the payment of interest on delayed payments. That section however merely provides that the comptroller shall pay the amount on deposit without interest to the person or persons for whose benefit the award was made. The same section also provides for the repayment without interest to the person making the deposit in certain circumstances.
Section 25-b,. subdivision 2, of the Workmen’s Compensation Law specifies that: “ All computations for the commutation of any such award for payment into the said fund shall be made in accordance with the tables specified in section twenty-seven of this chapter.”
; It is quite significant that only the computation provisions of section 27 are applicable to section 25-b. The interest provisions of the former section are not included in the latter. Here the computations for the commutation were made as directed in section 27. When that computation was made the provisions of section 27 were no longer applicable. The interest on the delayed payment into the fund on the commutation award became due pursuant to the provisions of section 24 and not of section 27. It is also to be noted that the directions for payment of interest contained in section 27 applies only to payments into the Aggregate Trust Fund and not to payments into the Non-Resident Compensation Fund.
In the case before us the employer by hppealing from the board’s decision was able to avoid the payment into the fund for a period of more than thirty-three months. It'had the use of the money for that period. If the employer’s contention is correct then every employer and carrier would profit by appealing from the board’s decisions and prolonging litigation. The nonresident fund was not created to benefit the employer or carrier in that way. It is also to be noted that section 25-b contains no exception to the requirement of payment of interest as provided in section 24.
Appellant also urges that if any interest is payable it should be computed at the rate of 3%. In support of this it relies oh the following provision contained in section 27: “ All computations made by the board shall be upon the basis of the survivorship annuitants table of mortality, the remarriage tables of the Dutch Royal Insurance Institution and interest at three and one-half per centum per annum * * V*
*391 The answer to that argument is that the amount of interest included in the computation became part of the award. If the employer had immediately complied with the direction of the Workmen’s Compensation Board by making the deposit with the comptroller it would still have been obligated to include the amount of interest in its deposit and as part of it.
The decision of the Workmen’s Compensation Board should be affirmed, with costs.
Hill, P. J., Bbewsteb, Postee and Russell, JJ., concur.
Decision of the Workmen’s Compensation Board affirmed, with costs to the Workmen’s Compensation Board.